**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**Civil Action No.:**

ASHLEY CORBETT, an individual, on behalf
of herself and all others similarly situated,

   Plaintiff,

vs.              **COMPLAINT-CLASS ACTION**

SIMPLIFIED BUSINESS GROUP, LLC,
a Utah limited liability company, d/b/a
"Rent Plus" and "Rent Dynamics,"

   Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

 Plaintiff, Ashley Corbett, an individual, on behalf of herself and all others similarly situated, sues Defendant, Simplified Business Group, a Utah limited liability company, doing business as "Rent Plus" and "Rent Dynamics," and alleges:

### I. PRELIMINARY STATEMENT

 1. This is an action for actual and statutory damages for violations of 15 U.S.C. §1679, *et seq.*, known more commonly as the "Federal Credit Repair Organizations Act" ("CROA"), for unjust enrichment and declaratory relief.

### II. JURISDICTION

 2. The jurisdiction of this Court arises under 15 U.S.C. §1679 and 28 U.S.C. §1337.

### III. ALLEGATIONS AS TO PARTIES

 3. Plaintiff, Ashley Corbett ("Ms. Corbett" or "Class Representative"), is *sui juris* and a resident of Orange County, Florida.

4.      At all times material hereto, Defendant, Simplified Business Group, LLC ("SBG"), was a Utah limited liability company doing business as "Rent Plus" and may be served through its registered agent for service, to wit: Corporate Service Company, 2595 Interstate Drive, Suite 103, Harrisonburg, Pennsylvania 17110.

5.      Venue lies properly in this pursuant to 28 U.S.C. § 1391(b)(2).

6.      As a result of its registration to do business in Pennsylvania, Defendant is subject to the jurisdiction of this Court. *See, Mallory v. Norfolk Southern Railway Co.,* 600 U.S. 122 (2023). A copy of the Certificate of Registration of Defendant is attached hereto as Exhibit "A."

## IV.  FACTUAL ALLEGATIONS

7.      SBG is a credit repair business. As part of its marketing scheme, SBG touts:

**RentPlus** is a great service that helps residents build their credit by reporting only their on-time rent payments to all three major credit bureaus. Much like a mortgage, RentPlus can help residents establish a payment history. If you are late with a rental payment, we won't report it so that your credit isn't impacted negatively!

8.      Through its website, SBG markets its credit building services with repeated references to how SBG will help build the credit score of its customers.

9.      A screenshot of the several pages of the SBG website (last accessed on 11/10/24) is attached hereto and incorporated hereon by reference as Composite Exhibit "B."

10.      On or about February 21, 2024, Ms. Corbett entered into an Apartment Lease Contract ("Apartment Lease") with WE Barber Park Owners, LLC ("Barber Park") with respect to an apartment unit to be occupied by Ms. Corbett and her family.

11.      As part of the optional services for tenants, Barber Park offered credit building services through SBG.

12.     A copy of the Credit Reporting Addendum executed by Ms. Corbett in connection with the leasing of her apartment is attached hereto as Exhibit "C."

13.     Since entering into the Apartment Lease, Ms. Corbett incurred and paid a monthly credit builder program fee of $8.95 ("Credit Builder Fees") to SBG to help Ms. Corbett  build her credit by reporting only her on-time rent payments to all three major credit bureaus.

14.      The Credit Builder Fees were incurred for the for the express or implied purpose of:

      (a)     improving the credit, credit history or credit rating of a consumer;

      (b)     providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer.

15.      The Credit Builder Fees were charged and received by SBG prior to the full performance of the service that SBF had agreed to perform, to wit: the betterment of the credit and credit scores of Ms. Corbett and others similarly situated.

## V.   DEFENDANT'S PRACTICES

16.      It is or was the policy and practice of Defendant to provide credit repair services subject to CROA without providing the written disclosures mandated by 15 U.S.C. §1679c before collecting monies for credit repair services.

17.      It is or was the policy and practice of Defendant to have consumers enter into contracts for credit repair services without the mandated contract terms and provisions required under 15 U.S.C. §1679d and e.

18.      It is or was the policy and practice of Defendant to charge or receive any money or other valuable consideration for the performance of any service which the credit repair

organization has agreed to perform for any consumer before such service is fully performed under 15 U.S.C. §1679b(b).

## VI.   CLASS ACTION STATEMENT

19.    This action is brought on behalf of a class consisting of:

> All persons in the United States who, in the five (5) years preceding the filing of the instant action, paid Credit Builder Fees to SBG.

("Class")

20.    SBG has a network of hundreds of apartment community partners such Barber Park across the United States. As a result, Plaintiff estimates that the Class includes thousands of class members.

21.    There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual class members.

22.    The questions of law common to each class member are:

(1)    whether each class member is a "consumer" as said term is defined under 15 U.S.C. §1679a(1); and

(2)    whether SBG is a "credit repair organization" as said term is defined under 15 U.S.C. §1679a(3).

23.    The factual issues common to each class member are:

(1)    whether SBG charged or received money or other valuable consideration for the performance of any service which SBG as a credit repair organization has agreed to perform for any consumer before such service was fully performed, in violation of 15 U.S.C. §1679b(b);

(2)    whether SBG provided to each class member the written disclosure mandated under 15 U.S.C. §1679c(a) and (b);

(3)     whether SBG entered into a contract to perform credit repair services without a written contract providing for the terms and conditions set forth under 15 U.S.C. §1679d(a) and (b);

(4)     whether SBG provided for the right to cancel the contract for credit repair services as mandated by 15 U.S.C. §1679e(a) and (b);

(5)     whether the contracts for credit repair services between SBG and the Class are void pursuant to 15 U.S.C. §1679f(c);

(6)     whether Defendant made statements which were untrue or misleading (or which upon the exercise of reasonable care, should be known to be untrue or misleading) with respect to any consumer's creditworthiness, credit standing, or credit capacity to a consumer reporting agency;

(7)     whether Defendant charged or received any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed under 15 U.S.C. §1679b(b).

(8)     the damages of the Class pursuant to 15 U.S.C. §1679g(a)(1) and (2).

24.     Ms. Corbett's claim is typical of those of the class members. All are based on the same facts and legal theories.

25.     Ms. Corbett will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the CROA and class actions. *See, e.g., Yost v. Elon Property Management,* 2023 WL 185178 (D. Md. Jan. 13, 2023). Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

26.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the Class thereby making appropriate declaratory relief with respect to the Class as a whole.

28.    Ms. Corbett requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## COUNT ONE
## VIOLATION OF THE FEDERAL CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679, *et seq.*

29.    Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 28 above as if set forth herein in full.

30.    At all times material hereto, Ms. Corbett and the members of the Class were each a "consumer" as said term is defined under 15 U.S.C. §1679a(1).

31.    At all times material hereto, SBG was a "credit repair organization" as said term is defined under 15 U.S.C. §1679a(3).

32.    At all times material hereto, SBG was a person who used any instrumentality, interstate commerce or the mail to sell, provide or perform (or represents that such person can or will sell, provide or perform) any service in return for the payment of money or the value of consideration for the express or implied purpose of:

6

(a)      improving the credit, credit history or credit rating of a consumer; or

(b)      providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer.

33.      At all times material hereto, SBG was a person who made statements which were untrue or misleading (or which upon the exercise of reasonable care, should be known to be untrue or misleading) with respect to any consumer's creditworthiness, credit standing, or credit capacity to a consumer reporting agency.

34.      SBG violated the provisions of 15 U.S.C. §1679c in that SBG did not provide a prior written statement advising Ms. Corbett and members of the Class of their rights as consumers under CROA before collecting the Credit Builder Fees.

35.      SBG violated the provisions of U.S.C. §1679b(b) in that SBG charged or received any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

36.      SBG violated the provisions of 15 U.S.C. §1679d in that the SBG did not obtain from Ms. Corbett or consumers a written and dated contract with the terms and provisions required in said subsection of CROA.

37.      SBG violated the provisions of 15 U.S.C. §1679e in failing to provide the required cancellation form to Ms. Corbett and the Class.

38.      Under 15 U.S.C. § 1679f(c)(1), the contracts of Ms. Corbett and the Class are void.

39.      As a direct and proximate result of the violation of CROA by Defendant, Ms. Corbett and the Class have been damaged.

40.     Pursuant to 15 U.S.C. §1679g(a)(1) and (2), Ms. Corbett and the Class are entitled to recover the amount of any actual damages sustained by Ms. Corbett and the Class, or the amounts paid by Ms. Corbett and the Class to Defendant as Credit Builder Fees.

41.     Pursuant to 15 U.S.C. §1679g(a)(2), Ms. Corbett and the Class are entitled to punitive damages in an amount as the Court may allow.

42.     Pursuant to 15 U.S.C. §1679g, Ms. Corbett and the Class she seeks to represent are entitled to recover reasonable attorney's fees in the bringing of the instant action.

43.     Ms. Corbett has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

<u>**COUNT TWO**</u>
<u>**DECLARATORY AND INJUNCTIVE RELIEF**</u>

44.     Plaintiff  realleges and reaffirms allegations contained in Paragraphs 1 through 28 above as if set forth herein in full.

45.     This claim for declaratory relief is brought under the Federal Declaratory Judgment Act to settle and obtain relief from uncertainty and insecurity with respect to the rights, status, and legal relations under the Credit Services Contracts of the Ms. Corbett and Class and the consumer protections embodied in the CROA.

46.     SBG maintains that it may operate a business of assisting consumers and providing advice or assistance to consumers with respect to improving the credit, credit history or credit rating of a consumer or providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer without complying with the requirements of CROA.  As such, consumers will not receive the protections

and benefits of CROA until this Court declares and affirms that SBG must comply with the requirements of CROA.

47.    Based on information and belief, there is an actual, judicable controversy between the parties relating to the construction of the Credit Services Contract of Ms. Corbett and members of the Class and the application of the CROA to those contracts, including whether such contracts are void pursuant to 15 U.S.C. §1679f(c).

## COUNT THREE
## UNJUST ENRICHMENT

48.    Plaintiff realleges and reaffirms allegations contained in Paragraphs 1 through 28 above as if set forth herein in full.

49.    Ms. Corbett and the Class conferred a benefit on SBG by paying for services offered by the SBG as Credit Builder Fees.

50.    SBG has knowledge of the benefit conferred by Ms. Corbett and the Class.

51.    SBG has accepted and/or retained the benefit conferred by Ms. Corbett and the Class despite the fact that the contracts of Ms. Corbett and the Class are void pursuant to 15 U.S.C. §1679f(c).

52.    The circumstances are such that it would be inequitable for SBG to retain the benefits without paying the fair value thereof.

53.    SBG has been unjustly enriched by the retention of the benefits paid by Ms. Corbett and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ashley Corbett, an individual, prays for relief on behalf of herself and all others similarly situated:

A.    For an order certifying the instant matter as a class action;

B.      For a declaratory judgment establishing that Defendant may not continue operating as a credit repair organization without complying with the requirements of CROA;

C.      For compensatory, statutory and punitive damages as a result of Defendant's unfair or deceptive and unlawful practices as described herein pursuant to 15 U.S.C. §1679g(a)(1) and (a)(2);

D.      For disgorgement of all monies paid as Credit Builder Fees;

E.      For reasonable attorney's fees and costs pursuant to 15 U.S.C. §1679g (a)(3); and

F.      For such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Ashley Corbett, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
Law Office of Robert W. Murphy
440 Premier Circle, Suite 240
Charlottesville, Virginia 22901
(434) 328-3100 / (954)763-8660
rwmurphy@lawfirmmurphy.com
*Attorney for Plaintiff*